[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 21, 2010
JOHN LEY
CLERK

_____

No. 09-15900
Non-Argument Calendar

_____

D. C. Docket No. 09-21154-CV-PAS

MATTIE LOMAX,

Plaintiff-Appellant,

versus

CITY OF MIAMI MAYOR,
Manny Diaz, et al.,

Defendants,

OFFICER NUNEZ,
incarcerated for selling drugs,
OFFICER GARCIA,
SERGEANT BARALT,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 21, 2010)

Before TJOFLAT, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Mattie Lomax, proceeding pro se, appeals the district court's dismissal of her 42 U.S.C. § 1983 complaint, alleging that her civil rights were violated by the City of Miami Mayor Tomas Regalado, the City of Miami Police Department/Police Chief Miguel Exposito, Officer Nestor Francisco Garcia, Sergeant Miguel Baralt, and former Officer Geovani Nuñez,[1] in their official and individual capacities. On appeal, Lomax argues that the district court erred in dismissing her claims against the mayor, police department, and officers arising out of her arrest for propping a stereo on top of two dairy cases. She was not the registered owner of the cases' name or mark, which constitutes a violation of Florida Statute Section 506.508. She alleges that the officers mocked her arrest by taking pictures of themselves with the dairy cases. The charges against Lomax were dropped when the arresting officers, Garcia and Baralt, failed to show up at Lomax's hearing.

Although the conduct of which Lomax complains is, if true, unfortunate, her alleged victimization at the hands of the police cannot surmount the officers'

---

[1] Nuñez is currently serving a 135 month sentenced imposed pursuant to an unrelated conviction under 21 U.S.C. § 846, conspiracy with intent to distribute five kilograms or more of cocaine. See United States v. Nunez (Case No. 08-20651)

2

qualified immunity defense because, under the aforementioned Florida statute, they had probable cause to arrest her.[2]  Thus the district court did not err in dismissing the case.

**AFFIRMED.**

---

[2] We review a dismissal based on qualified immunity de novo, accepting the well-pleaded allegations as true and construing the facts in the light most favorable to the plaintiff.  St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002).